UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS R. COOKISH,

    Petitioner,

v.                                                  Case No. 8:12-cv-1844-T-30AEP

PINELLAS COUNTY STATE
ATTORNEY, et al.,

    Respondents.
_____/

## **O R D E R**

THIS MATTER comes before this court on Petitioner Dennis R. Cookish's (hereinafter "Petitioner") petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). The Court will dismiss the petition as moot.

### Background

At the time Petitioner filed his petition on August 8, 2012, he was an inmate in the federal prison system. He brought the petition to challenge detainers levied against him by the State of Florida for a 2001 indictment in case number CRC0105168CFANO, and a 2000 indictment in case number CRC0021654CFANO, in the Sixth Judicial Circuit Court, Pinellas County, Florida. Petitioner argued that Florida's failure to bring him to trial on the 2000 and 2001 charges after more than eight years violated his Sixth Amendment right to a speedy trial. Petitioner petitioned this Court to rule that his right to a speedy trial was violated, and dismiss the detainers lodged against him.

On November 1, 2012, Petitioner filed his "Motion to Recharacterize" (Dkt. 11) in which he indicated that he has now been convicted and sentenced in the two state cases, and requested the Court recharacterize his petition as a petition pursuant to 28 U.S.C. § 2254.

## Analysis

As noted above, the Pinellas County cases have now been disposed of. Therefore, the detainers that were issued are no longer in effect.[1] Consequently, Petitioner's challenge to the detainers are now moot. *See Byrd v. Martin*, 754 F.2d 963, 964 n.3 (11th Cir. 1985) (per curiam) ("Since the petition attacked a detainer requiring that Byrd answer to criminal charges, it was moot once Byrd pled guilty to the charges and the detainer was no longer in effect.").

Further, with regard to Petitioner's request to recharacterize the petition as filed pursuant to 28 U.S.C. § 2254, a search of the Pinellas County Clerk of the Court's website, http://www.pinellasclerk.org, reveals that Petitioner was sentenced in the Pinellas County cases on October 29, 2012. Therefore, the judgments of conviction are not final at this time. 28 U.S.C. § 2244(d)(1)(A) (A judgment of conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review.") Consequently, the Court cannot recharacterize the petition as filed pursuant to 28 U.S.C. § 2254. *See Maharaj v. Sec'y Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002) (finding federal habeas petition was not ripe for review when state judgment was not yet final).

---

[1] "[A] detainer. . .puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction *for trial* upon his release from prison." *United States v. Mauro*, 436 U.S. 340, 358 (1978) (emphasis added). Petitioner has already been convicted in the two Pinellas County cases.

It is therefore **ORDERED AND ADJUDGED** that:

1. The petition for the writ of habeas corpus (Dkt. 1) is **DISMISSED** as moot. The dismissal is without prejudice to Petitioner filing, in a new case with a new case number, a petition pursuant to 28 U.S.C. § 2254 after the state judgments are final.

2. Petitioner's Motion to Recharacterize (Dkt. 11) is **DENIED**.

3. The **Clerk** is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 5, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy Furnished To:
Counsel/Parties of Record